## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SYDNEY EGGERMAN,

         Plaintiff,

    v.

HCA PHYSICIAN SERVICES, INC.; HCA
MANAGEMENT SERVICES, L.P.; & HCA
MIDWEST COMPREHENSIVE CARE, INC.

         Defendants.

CASE NO. 22-2202

## DEFENDANTS' NOTICE OF REMOVAL

Defendants HCA Physician Services, Inc., HCA Management Services, L.P., and HCA Midwest Comprehensive Care, Inc. ("**Defendants**"), pursuant to 28 U.S.C. §§ 1332 and 1441(b), respectfully remove the above-captioned action from the District Court of Johnson County, Kansas to the United States District Court for the District of Kansas on the following grounds:

1.      On March 2, 2022, Plaintiff Sydney Eggerman ("**Plaintiff**") filed her petition (the "**Petition**") against Defendants in the District Court of Johnson County, Kansas, styled *Sydney Eggerman v. HCA Physician Services, Inc., HCA Management Services, L.P., HCA Midwest Comprehensive Care, Inc.,* Case No. 22CV00935 (the "**State Court Action**").  See Plaintiff's Petition, attached as **Exhibit 1** (which also includes all pleadings and court filings served on Defendants).

2.      Defendants were served with the Petition and summonses on April 28, 2022.

3.      In her Petition, Plaintiff asserts two counts of alleged "sexual battery" related to the alleged conduct of a physician who performed services at the medical practice at which Plaintiff worked.

4.      28 U.S.C § 1441(a) permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."  The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C § 1332(a)(1).

5.      This action is properly removed to federal court because this Court has diversity jurisdiction under 28 U.S.C § 1332; there is diversity of citizenship between Defendants and Plaintiff and the amount in controversy exceeds $75,000.

6.      28 U.S.C § 1441(a) further provides that removal must be made to the district court division embracing the place where such action is pending.  See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).  This action was pending in the District Court of Johnson County, Kansas prior to removal and the events alleged by Plaintiff giving rise to her claims allegedly occurred in Johnson County, Kansas.  See Exhibit 1 at ¶ 8.  Therefore, venue properly lies in this Court, the United States District Court for the District of Kansas, for purposes of removal under 28 U.S.C §§ 1441(a), 1332.

7.      This Notice of Removal is timely filed.  Defendants were served on April 28, 2022.  The removal deadline of 30 days fell on a Saturday, and the next non-weekend, non-holiday is today, May 31, 2022.  See 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).  Also, this case is being removed less than one year after commencement of this action.  See 28 U.S.C. § 1446(c).

8.      Pursuant to 28 U.S.C § 1446(d), written notice of these removal papers will be served on Plaintiff, the only adverse party, and a copy of this notice will also be filed with the District Court of Johnson County, Kansas.

**The Amount of Controversy Exceeds $75,000**

9.      In the Petition, Plaintiff expressly demands "an amount in excess of $75,000, for counseling costs, pain and suffering, attorney's fees, [and] costs." Exhibit 1, ¶ 85.  Plaintiff's demand for more than $75,000 alone satisfies the amount in controversy requirement.  <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 956 (10th Cir. 2008) ("documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal")

10.     Even if Plaintiff's Petition did not contain the aforementioned monetary demand, upon a showing by Defendants that Plaintiff's claims are more likely than not to meet the $75,000 amount in controversy requirement, removal is appropriate.  Indeed, to render removal inappropriate, there would need to be "reasonable certainty" that the claims cannot meet the $75,000 threshold.  <u>Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.</u>, 198 F. Supp. 2d 1280, 1285 (D. Kan. 2002).  Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal.  <u>Morales v. 3102 51st KCK LLC</u>, No. 22-2061-KHV, 2022 WL 951696, at * 1 (D. Kan. Mar. 30, 2022) quoting <u>Pfieffer v. Hartford Fire Ins. Co.</u>, 929 F.2d 1484, 1488089 (10th Cir. 1991).  Whether the plaintiff actually recovers in excess of $75,000 when the case is decided upon the merits is immaterial.  <u>Id.</u> at *1 (holding that plaintiff's post-removal stipulation that her damages did not exceed $75,000 "is insufficient to deprive this Court of subject matter jurisdiction").

11.     To assess whether the amount in controversy has been met, the Court is permitted to include, among other items, emotional distress, punitive damages and attorneys' fees in its calculations.  <u>See</u> <u>Woodmen of World Life Ins. Society v. Manganaro</u>, 342 F.3d 1213, 1218 (10th Cir. 2003) (noting that statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction.  <u>See</u> <u>Chen v. Dillard Store Srvs., Inc.</u>, 579 Fed. App'x. 618, 621 (10th Cir.

2014) (including the potential for emotional distress damage based on awards in similar cases and punitive damages in its assessment of whether the amount in controversy had been met).

12.     Here, Plaintiff seeks pain and suffering for alleged "sexual assault," and attorney's fees.  If this matter were to go to trial, the attorney's fees alone would exceed the required amount in controversy.  Also, a jury could theoretically award greater than $75,000 in pain and suffering on an alleged sexual assault claim.

## There is Diversity of Citizenship in This Case

13.     Plaintiff is a resident of the State of Kansas.  See Exhibit 1 at ¶ 1.

14.     Defendant HCA Physician Services, Inc. is a corporation.  A corporation's citizenship is determined by its state of incorporation and the state in which it has its principal place of business.  E.g., Galdin v. Sybron Inter. Corp., 222 F.3d 797, 799 (10th Cir. 2000) (corporation is citizen of state of incorporation and state where it has its principal place of business).  HCA Physician Services, Inc. is incorporated in the state of Tennessee, and has its principal place of business in the state of Tennessee.  Thus, it is a citizen of Tennessee, and is not a citizen of the state of Kansas.

15.     Defendant HCA Management Services, L.P. is a limited partnership.  For non-corporate business entities (such as limited partnerships or limited liability companies), the entity's citizenship is determined by the citizenship of its partners.  Management Nominees, Inc. v. Alderney Investments, LLC 813 Fed. 3d 1321, 1324 (10th Cir. 2016).  Defendant HCA Management Services, L.P.'s partners are HPG Enterprises, LLC and HPG Solutions, LLC.  Both of these partners are solely owned by Management Services Holdings, Inc., which is a corporation formed in Delaware, with its principal place of business in Tennessee.  Thus, HCA Management Services, L.P. is a citizen of Delaware and Tennessee, and not Kansas.

16.     Defendant HCA Midwest Comprehensive Care, Inc. is a corporation.  Again, a corporation's citizenship is determined by its state of incorporation and the state in which it has its principal place of business.  HCA Midwest Comprehensive Care, Inc. is incorporated in the state of Missouri, and has its principal place of business in the state of Missouri.  Thus, it is a citizen of Missouri, and is not a citizen of the state of Kansas.

17.     Thus, none of Defendants[1] share Kansas citizenship with Plaintiff, and Defendants can show by a preponderance of the evidence that there is complete diversity of all parties properly joined and served.  See 28 U.S.C. § 1446(b)(2)(A).

18.     Defendants, all of whom are represented by the undersigned counsel, consent to and agree to the removal of this case.

19.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are attached hereto.  See Exhibit 1.

WHEREFORE, on the foregoing basis, Defendant respectfully removes this action from the District Court of Johnson County, Kansas to this Court.

Dated:  May 31, 2022

---

[1] Defendants contend that Plaintiff has named the wrong entities in seeking to name Plaintiff's "employer" and the entity that operated "College Park Family Care of Stanley."  Exhibit 1, ¶¶ 2, 3.  Plaintiff's true employer is Overland Park Surgical Services, LLC.  Like the currently-named Defendants, Overland Park Surgical Services, LLC would not destroy diversity.  Overland Park Surgical Services, LLC is owned by Wesley Medical Center, LLC, which is owned by AC Med, LLC, which is owned by Healthtrust, Inc., a Delaware corporation with its principal place of business in Tennessee.  Thus, like the currently-named Defendants, Overland Park Surgical Services, LLC is a citizen of Delaware and Tennessee, and not Kansas.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ *Timothy J. Davis*
      Timothy J. Davis (KS # 24901)
      Sarah R. Holdmeyer (KS # 27584)
      1200 Main Street, Suite 3500
      Kansas City, MO 64105
      (816) 374-3200 telephone
      (816) 374-3300 facsimile
      tim.davis@bclplaw.com
      sarah.holdmeyer@bclplaw.com

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that on May 31, 2022, a true and correct copy of the foregoing was served via email to:

Richard Guinn
Bayli Martin
Colantuono Guinn Keppler LLC
7015 College Boulevard, Suite 375
Overland Park, KS 66211
rg@ksmolaw.com
bmm@ksmolaw.com

ATTORNEYS FOR PLAINTIFF

                              s/ *Timothy J. Davis*
                               Attorney for Defendants